FILED
SUPERIOR COURT
OF GUAM

2021 MAY 26 PM 1: 43

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| COMPADRES, INC., | CIVIL CASE NO. CV0539-20 |
| Plaintiff, | **DECISION AND ORDER** |
| vs. | |
| JOY'S TAVERN RESTAURANT, SUSAN M. LA ROSA, FORTUNATO P. GODOY, JR. and FE N. GODOY, | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on March 18, 2021, upon the Defendants' Motion for A More Definite Statement ("Motion") and Motion to Amend 9/16/20 Scheduling Notice. Defendants Joy's Tavern Restaurant ("Joy's Tavern"), Susan M. La Rosa, Fortunato P. Godoy, Jr. and Fe N. Godoy (collectively "Defendants") are represented by Attorney Douglas Moylan. Attorney James M. Maher represents Plaintiff Compadres, Inc. ("Plaintiff"). Having reviewed the pleadings in this matter, the Court issues the following Decision and Order.

## BACKGROUND

This case arose from a 3-year lease agreement (the "Lease") between the Plaintiff and Defendant Joy's Tavern. Compl. ¶ 4. (Jul. 30, 2020). The Complaint alleges that Defendants

Susan M La Rosa, Fortunato P. Godoy, and Fe N. Godoy personally guaranteed Joy's Tavern's performance of the terms and conditions of the Lease. *Id.* at ¶ 5. The Lease required Joy's Tavern to pay Plaintiff the principal amount of $2,400.00 per month in rent with an escalation provision, late fees, and common area fees. *Id.* at ¶ 6. The Lease also required Joy's Tavern to surrender the premises in good order, condition and repair. *Id.* Joy's Tavern allegedly failed to make payments in accordance with the Lease and failed to surrender the premises in good order, condition and repair. *Id.* at ¶ 7. Plaintiff now claims damages in the principal sum of $34,466.31, post-judgment interest at 6% per year, reasonable attorneys' fees, costs of suit, and further relief as the Court may deem proper. *Id.* at ¶ 8.

The Summons and Complaint were served on Defendants Susan M. La Rosa, Joy's Restaurant, Fortunato P. Godoy and Fe N. Godoy on August 8, 2020. A Scheduling Notice issued on September 16, 2020 required the parties to file a proposed Scheduling Order and a proposed Discovery Plan by October 5, 2020. As mandated, Plaintiff filed the Scheduling Order and Discovery Plan with the Court on October 2, 2020. Defendants filed an Objection to the 10/2/20 Scheduling Order and Discovery Plan on October 2, 2020, and Plaintiff filed a response and declaration on October 8, 2020, to which Defendants replied on October 9, 2020. The Court ultimately signed off on the Scheduling Order and Discovery Plan on October 20, 2020.

Defendants now have two pending motions before the Court. On October 19, 2020, Defendants filed a Motion for a More Definite Statement claiming that the Complaint is too vague and therefore does not allow Defendants to reasonably understand and respond to the basis of Plaintiff's claim. Plaintiff filed an opposition on November 12, 2020, and Defendants filed the reply on November 30, 2020. On October 19, 2020, Defendants also filed a Motion to Amend the 9/16/20 Scheduling Notice seeking to delay issuance of a discovery plan and scheduling order until after the Court ruled on the pending motions and the Defendants filed an an answer and counterclaim. Plaintiff filed an opposition on November 12, 2020, and Defendants filed a reply on November 30, 2020. Subsequently, a new Scheduling Order and Discovery Plan was filed by the parties on March 10, 2021, and signed by the Court on April

12, 2021. A hearing on the pending motions was held on March 18, 2021, at which point the Court took the matter under advisement.

## DISCUSSION

**I.      The Court denies Defendants' Motion for a More Definite Statement because the breach of contract claim is not so ambiguous that Defendants cannot reasonably frame a responsive pleading.**

Rule 12(e) of the Guam Rules of Civil Procedure provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." *See* Guam R. Civ. P. 12(e). Such a motion must point out the defects complained of and the details desired. *Id.*

Rule 8 of the Guam Rules of Civil Procedure further provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Guam R. Civ. P. 8(a). Rule 8(a) "...mean[s] a complaint need only provide 'fair notice of what plaintiff's claim is and the grounds upon which it rests.'" *Ukau v. Wang*, 2016 Guam 26, ¶ 22.

"When interpreting the plain language of Rule 8(a), [the Guam Supreme Court] has historically held that 'Guam law requires only notice pleading, not fact pleading.'" *Ukau*, 2016 Guam 26, ¶ 21 (citing *Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9; *see also Guam Election Comm'n v. Responsible Choices for All Adults Coal.*, 2007 Guam 20 ¶ 94; *see also Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the claim."). Historically, Guam has only required "'notice pleading' of a short and plain statement of the claim," and the Supreme Court of Guam has declined to adopt a heightened standard. *Ukau*, 2016 Guam 26, ¶ 29.

Here, Defendants assert that the Complaint is "vague and ambiguous," and therefore does not allow Defendants to reasonably understand the basis of Plaintiff's claim and damages. Mot. for More Definite Statement at 1 (Oct. 19, 2020). The Complaint alleges that Defendant Joy's Tavern and Plaintiff executed a 3 year Lease. Compl. ¶ 4. Defendants Susan M. La Rosa,

Fortunato P. Godoy, and Fe N. Godoy are alleged to have personally guaranteed Joy's Tavern's performance of the terms and conditions under the Lease. *Id.* at ¶ 5. The Lease required Defendants to pay the principal amount of $2,400 a month per month in rent, to include an escalation provision, late fees, and common area fees, and also required Defendants to surrender the premises in good order, condition and repair. *Id.* at ¶ 6. The Complaint further alleges Defendants failed to make payments in accord with its promise and failed to surrender the premises in good order, condition and repair, requiring Plaintiff to restore the premises to good order, condition and repair. *Id.* at ¶ 7–8. The Complaint alleged damages in the amount of $34,466.31. *Id.* at 8. Attached to the Complaint were the Amended Lease Agreement and Compadres Mall Rules and Regulations.

On September 25, 2020, Plaintiff additionally served its Initial Disclosures on Defendants' counsel. See *See* J. Maher Decl. ¶ 2 (Nov. 12, 2020). These disclosures set forth the basis for the damages claim through numerous receipts and other documentary support for the calculation of damages alleged in the Complaint. J. Maher Decl., Ex. 1. When considering that the Complaint specified that the contract was breached due to failure to make payment and failure to surrender the premises in good order, condition and repair; and that the Plaintiff also provided 73 pages in supporting documents; the Court concludes that the Plaintiff provided sufficient information to clearly set forth the basis of the damages claimed by the Plaintiff.

Defendants cite *Patton v. Carlson*, 132 So.2d 793, 797 (Fla. 1961) to support their argument that Plaintiffs must plead the complaint with particularity so that the Defendants can understand the nature of the claim. However, *Patton* is actually quite distinguished. In *Patton*, the court found that the motion for a more definite statement relative to the breach of contract claim should have been granted; this is because the complaint failed to allege the oral contract or any written contract between the parties, failed to set forth the terms of the contract, failed to set forth the specifications involved, and contained no supporting exhibits. *Id.* at 794–796. This rendered it impossible for the defendants to know the basis of the cause of action sued upon. However, the case at bar is distinguished because Defendants' counsel has specified the contract at issue, attached it to Complaint, and specified that the breach stems from non-payment under

the terms of the contract and also failure to surrender the premises in good order, condition and repair. Thus, Defendants know the basis of the cause of action, and also have the supporting documents which serve the basis for the damages claim through the Initial Disclosures served on the Defendants in September 2020.

Defendants also cite to *Bush v. Bank of New York Mellon*, 720 S.E.2d 370, 376-377 (GA 2011) in support of their argument that Courts have a separate interest in ensuring the complaint is plead with particularity in the interest of judicial time and resources. While that may be true, the situation in *Bush* is distinguished to the case at bar. In *Bush*, the plaintiffs filed an amended complaint which consisted of 133 numbered paragraphs, asserted claims in 17 distinct counts, some of which asserted multiple legal claims within a single count, and which were difficult to understand. *Id.* at 372–373. This is different from the current matter, which contains only one breach of contract claim, and which clearly indicates that the breach is due to non-payment according to the terms of the Lease and failure to surrender the premises in good order, condition and repair. The alleged breach is neither difficult to understand, nor so vague or ambiguous that the Defendants could not reasonably be required to frame a responsive pleading.

Because the Plaintiff's Complaint clearly indicates that the claim is based on breach of the Lease agreement, attaches the Lease in question, and specifies that the Lease was breached due to failure to make payment as promised and failure to surrender the property in good condition, the Court concludes that it is not so vague and ambiguous that Defendants cannot reasonably frame a responsive pleading. Plaintiff also provided more specificity through the Initial Disclosures provided to Defendants setting forth the basis of the damages claim. For these reasons, the Court **DENIES** the Defendants' Motion for a More Definite Statement.

## II. The Court denies Defendants' alternative request to dismiss the Complaint for failure to state a claim upon which relief can be granted.

The Defendants alternatively request that should the Court deny the Motion for a More Definite Statement, that the Court dismiss the Complaint under G.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. "A complaint should not be dismissed for failure to state a claim unless 'it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief.'" *Ukau*, 2016 Guam 26, ¶ 26 (quoting *Core Tech Int'l Corp. v. Hanil Eng'g & Const. Co.*, 2010 Guam 13, ¶ 52). When reviewing a 12(b)(6) motion, the court must construe the pleadings in the light most favorable to the non-moving party. *First Hawaiian Bank v. Manley*, 2007 Guam 2, ¶ 9. "Dismissal is appropriate only when the non-moving party 'can prove no set of facts in support of his claim which would entitle him to relief.'" *Ukau*, 2016 Guam 26, ¶ 51 (citing Taitano, 2008 Guam 12, ¶ 9).

Here, the Court is persuaded that when construing the pleadings in the light most favorable to the Plaintiff, the Plaintiff has provided enough evidence to show that it will likely be able to prove facts in support of its breach of contract claim. This is evidenced by the Lease attached to the Complaint and the Initial Disclosures consisting of 73 pages worth of documents setting forth the basis for the Plaintiff's monetary claim through receipts and other documentary support. This supporting documentation shows that the Plaintiff can likely prove facts to support the damages claim. For these reasons, the Court **DENIES** the Defendants' request to dismiss the Complaint for failure to state a claim upon which relief can be granted.

### III. The Court finds good cause to Grant Defendants' Motion to Amend the 9/16/20 Scheduling Notice.

The issue is whether the Court should Amend the 9/16/20 Scheduling Notice, which required the parties to file a proposed Scheduling and Discovery Order on October 5, 2020.

According to Guam Rule of Civil Procedure 16, ""[t]he judge must issue the scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." *See* Guam R. Civ. P. 16(b)(2). Guam Rule of Civil Procedure 26(f) further requires the parties to meet and confer to consider the nature and basis of their claims and defenses, and to develop a proposed discovery plan. *See* Guam R. Civ. P. 26(f). Due to the COVID-19 pandemic, the Guam Supreme Court issued Administrative Order ADM20-413, which additionally specified that, "all filing deadlines – including statutory filing deadlines – shall be tolled from August 16, 2020, until October 19, 2020, *unless otherwise specifically ordered by the applicable court*" (emphasis added).

Defendants assert that pursuant to Administrative Order ADM20-413, the deadline to file the Scheduling and Discovery Order should have been October 19, 2020, rather than October 5, 2020. However, upon a plain reading of this provision, the Court concludes that ADM20-413 specifically permits Courts to set independent deadlines, and therefore the proper deadline to submit the Scheduling and Discovery Order was October 5, 2020.

In any event, Defendants argue that good cause exists to delay issuance of a discovery plan and scheduling order until after Defendants file their answer and counterclaim. Mot. to Amend at 2 (Oct. 19, 2020). Defendants assert that that they have been unable to file an answer and counterclaim for a variety of reasons, to include the following:

1) Defendants assert Plaintiff's Complaint is too vague

2) Defendants have yet to file an answer and have filed a Motion for a More Definite Statement

3) Defendant Susan La Rosa was in the Philippines at the time the motion was filed and it was difficult for her and her husband to travel back to Guam or access needed documents

4) The island was in Pandemic Condition of Readiness (PCOR) 1, which may have made discovery dangerous and/or difficult

5) The government shutdown of non-essential government services and non-essential private companies may make obtaining documents difficult

6) Plaintiff's lawsuit is not urgent or exigent

7) The backlog of criminal cases have priority and warrant holding off on a firm scheduling order until parties can more reasonably estimate cutoff dates and set trial

8) The pending Motion for a More Definite Statement will affect scheduling and discovery dates

9) Defendants are unable to identify potential fact and expert witnesses and gauge how long discovery should last given the allegedly vague nature of the Complaint.

*Id.* at 2–3. Defendants argued that prematurely setting dates could require additional work and attorney's fees. *Id.* at 4. Defendants also plan to file an answer and counterclaim,

which pertains to Plaintiff's alleged breach of lease and conversion of property, and which may result in an answer and third party claim. Reply to Opp'n to Mot. to Amend at 2 (Nov. 30, 2020).

Plaintiff, on the other hand, argues that Defendants' arguments are unsubstantiated by affidavit or declaration, are vague and also pure speculation. Opp'n to Mot. to Amend (Nov. 12, 2020). For example, while Defendants contended that PCOR-1 would affect the ability to obtain documents from non-essential government agencies and non-essential businesses, Defendants did not indicate whether they sought documents, or from whom, or whether they planned to request documents from government agencies or non-essential businesses. *Id.* at 3. Defendants do not claim which documents are needed or their relevance to the breach of contract claim. *Id.* On September 18, 2020, Defendants' counsel also noted that much of what is normally conducted face-to-face can now be accomplished remotely through Zoom. *Id.* at 4. Plaintiff also argues that the Defendants' claim that adherence to the Court Scheduling Order and Discovery Plan will force Defendants to pay additional attorney's fees is not a valid basis to modify a court order or delay the administration of this matter. *Id.* at 5.

The Court recognizes that these briefs were filed during PCOR-1, when the island was in a markedly different health situation. As the island has returned to PCOR-3, quarantine and other restrictions have relaxed, and many non-essential agencies and businesses have reopened. Thus, many of the arguments set forth above are now moot. Further, the parties filed a Scheduling Order and Discovery Plan on April 12, 2021. Nevertheless, given the island's evolving health situation, the uncertainties that may have resulted due to the pandemic over the past year, and considering that Defendants have yet to file an answer due to the pending motions, the Court finds there is good cause to amend the scheduling order. Thus, the Court hereby **GRANTS** the Defendants' Motion to Amend the 9/16/20 Scheduling Notice, and permits the parties to file an Amended Scheduling Order and Discovery Plan within twenty (20) days.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** the Defendants' Motion for a More Definite Statement. The Court **DENIES** the Defendants' request to dismiss the Complaint for failure to state a claim upon which relief can be granted. Finally, the Court **GRANTS** the Defendants' Motion to Amend the 9/16/20 Scheduling Notice, and permits the parties to file an Amended Scheduling Order and Discovery Plan within twenty (20) days.

IT IS SO ORDERED ___MAY 2 5 2021___ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

D. Maghan
J. m̄thꝩ

Date: _____ Time: 5/2L/2/

Deputy Clerk, Superior Court of Guam